# In the United States Court of Federal Claims

Nos. 19-239T; 19-290T
Filed: October 28, 2019

* * * * * * * * * * * * * * * * *
```
WILLIAM LARRY GILLIARD
and SAMANTHA JEWEL GILLIARD,

                Plaintiffs,

v.

UNITED STATES,

                Defendant.
```
\*  Motion to Dismiss; Pro Se Plaintiffs;
\*  Subject-Matter Jurisdiction; Due
\*  Process; Tort Claims; Criminal
\*  Jurisdiction; Breach of Contract; Civil
\*  Rights.

* * * * * * * * * * * * * * * * *

**William Larry Gilliard** and **Samantha Jewel Gilliard**, pro se, Tellico Plains, TN.

**Margaret E. Sheer**, Attorney of Record, Court of Federal Claims Section, Tax Division, United States Department of Justice, Washington, D.C., for defendant. With her were **Richard E. Zuckerman**, Principal Deputy Assistant Attorney General, **David I. Pincus**, Chief, Court of Federal Claims Section, **G. Robson Stewart**, Assistant Chief, Court of Federal Claims Section.

## OPINION

**HORN, J.**

### FINDINGS OF FACT

In February of 2019, William Larry Gilliard and Samantha Jewel Gilliard separately filed complaints in the United States Court of Federal Claims, seeking relief in the amount of $1,726,419.93 and $7,126,419.93, respectively. Plaintiffs attached exhibits to their complaints that included, among other items, several Forms 668(Y)(c) Notice of Federal Tax Lien, which show federal tax liens on plaintiffs' property for unpaid tax liabilities for the tax years 1997, 1998, 2000, 2002–2005, and 2008. Allegations raised in plaintiffs' complaints filed in this court, also relate to a previous case plaintiffs filed in the United States Tax Court in 2017. Specifically, plaintiffs jointly filed a petition assigned Docket No. 26121-17 in the United States Tax Court, alleging that they had not received notices of deficiency or notices of determination for the tax years "1965-FORWARD." (capitalization in original). In response, the government filed a motion to dismiss in the Tax Court, for

lack of jurisdiction on February 27, 2018. The government in its motion to dismiss asserted

> [p]etitioners state in their petition that they have not received either notice(s) of deficiency or notice(s) of determination concerning collection action for tax years "1965-FORWARD." On the line to provide the date(s) and the IRS office(s) from which the notice(s) were issued to petitioners, the petition states "N/A not received."

(capitalization in original). The government in its motion to dismiss in the Tax Court action further asserted that in a deficiency case, the Tax Court's jurisdiction depends on the issuance "of a valid notice of deficiency . . . [and] a valid notice of determination under I.R.C. §§ 6320 or 6330." The Tax Court did not reach the merits of the case, and on March 20, 2018, the Tax Court dismissed the case for lack of jurisdiction, noting that the Gilliards had filed a "Notice of No Objection" to the government's motion to dismiss in the Tax Court.

Thereafter, as noted above, plaintiffs William Larry Gilliard and Samantha Jewel Gilliard, separately filed in this court, on February 4, 2019, and February 25, 2019, respectively, complaints. Pro se plaintiff William Gilliard, filed a complaint in this court, Case No. 19-239T, which was assigned to the undersigned. Plaintiff attached twenty-one exhibits to his complaint, including the Order of Dismissal for Lack of Jurisdiction in which Chief Judge Marvel of the United States Tax Court ordered that the Commissioner of Internal Revenue's Motion To Dismiss for Lack of Jurisdiction be granted and the case jointly brought by petitioners William Larry Gilliard and Samantha Jewel Gilliard be dismissed. Other exhibits attached to William Larry Gilliard's complaint in this court include Notices of Federal Tax Liens and a mortgage referred to as a "Security Instrument." Plaintiff William Larry Gilliard filed the complaint against defendant, the United States, alleging that defendant's "contractor has damaged me in the sum money amount of $1,726,419.93 by force Plaintiff to: file sum money amount returns; place liens on 'all property and rights to property;' and reports to credit agencies 'Public Record' without jurisdiction."[1] Plaintiff William Larry Gilliard did not refer to any specific tax years in his complaint in this court. Plaintiff William Larry Gilliard sought a "judgment against The United States" in the amount of $1,726,419.93, "plus return the property." Moreover, plaintiff William Larry Gilliard sought to invoke this court's jurisdiction on the grounds that: "The United States contractor" forced plaintiff to "file: sum money amount returns; and has place liens on 'all property and rights to property'; and reports those liens to credit agencies 'Public Record' without jurisdiction." In his complaint, plaintiff William Larry Gilliard tried to support his invocation of this court's jurisdiction by referencing the Order of Dismissal by the United States Tax Court, which plaintiff William Larry Gilliard also attached as an exhibit to his complaint in this court, Case No. 19-239T.

On February 25, 2019, pro se plaintiff Samantha Jewel Gilliard, filed her complaint in this court, Case No. 19-290T, which was originally assigned to Judge Thomas Wheeler

---

[1] When quoted, in plaintiffs' submissions, capitalization, choice of words, spelling errors, grammatical errors, fragments of sentences, emphasis and italics have been included unchanged in this Opinion.

of this court and reassigned to the undersigned on April 3, 2019. Plaintiff Samantha Jewel Gilliard's complaint alleged that the

> contractor retained by United States did coerce Plaintiff to file documents when the U.S. Tax Court records clearly evidence that Plaintiff had no duty nor obligation; Acts and Actions by the contractor did cause unlawful extraction of payment and compliance by and through the placing of liens on "all property and rights to property" of which are "Public Record" and reported to the various credit agencies and titled "Public Record" of which is libel and slander, which is extortion and racketeering.
>
> This libel and slander did directly lead to inability to obtain funding or loans by Plaintiff, thus directly contributing to foreclosure of which would be tortious interference with contractual obligations and deprivation of tangible and intangible property and equity.

In her complaint, plaintiff Samantha Jewel Gilliard sought a "judgment against The United States" in the amount of "$7,126,419.93 plus return the property." Further, plaintiff Samantha Jewel Gilliard sought to invoke this court's jurisdiction on the grounds that:

> The United States contractor have damaged me in the sum money amount of $7,126,419.93 by force Plaintiff to: file sum money amount returns; place liens on "all property and rights to property;" and reports to credit agencies "Public Record" without jurisdiction. . . .
>
> The United States contractor is in contempt of court for failure to return the un-jurisdictional gain.

On March 29, 2019, plaintiffs each filed separate motions for leave to amend their respective complaints. On April 3, 2019, the court issued Orders in the above-captioned cases asking if any party had an objection to consolidating the above-captioned cases. The parties did not object to consolidation. On June 3, 2019, the court consolidated the above-captioned cases pursuant to Rule 42(a) of the Rules of the United States Court of Federal Claims (RCFC) (2018). On June 3, 2019, the court ordered the plaintiffs to file their proposed amended complaints on or before June 14, 2019, pursuant to their request; and the defendant to respond to the amended complaints on or before July 12, 2019.

On June 14, 2019, plaintiffs together filed a twelve-page amended complaint. Plaintiffs only filed the amended complaint in Case No. 19-239T, but listed both plaintiffs' names, and both Case Nos. 19-239T and 19-290T on the amended complaint filed in Case No. 19-239T. In the amended complaint, plaintiffs state this court has jurisdiction on the grounds that "Defendant moved against Plaintiffs without jurisdiction; therefore this is not a tort claim but is a jurisdictional claim." Under the "Jurisdiction" heading of the amended complaint, plaintiffs state jurisdiction is proper pursuant to "28 U.S.C., §§ 1491-1509 and 42 U.S.C., § 1983." Plaintiffs specifically allege in their amended complaint that their claim is "not a tax matter" but "an over reach of Defendants jurisdictional authority." In the amended complaint, plaintiffs further contend that the "Internal Revenue Service Commissioner stated the Defendant did not have Jurisdiction because they violated their own policies and procedures and the United States Tax Court agreed." Plaintiffs assert in

3

the amended complaint that the issue before this court is a claim for damages for defendant's "violation of Plaintiffs' due process by acting outside of Defendant's jurisdiction as Defendant has admitted." To try to support their assertions, plaintiffs reference their exhibits, which appear also to have been filed in the earlier United States Tax Court case assigned Docket No. 26121-17.

Plaintiffs further allege in their amended complaint that:

> Agents, employees, officers or officials actually working for, or claiming to work for, Defendant did injure Plaintiffs in the sum certain amount of $29,670,081.86 by issuing bogus, fictitious obligations or **counterfeit securities** for many years without any lawful authority or power (jurisdiction) to do so . . . in violation of 18 U.S.C. 514.

To try to support this allegation plaintiffs reference Exhibits "A" through "LL," attached to their amended complaint. These exhibits included, among other items, several Forms 668(Y)(c) Notice of Federal Tax Lien, which show federal tax liens on plaintiffs' property for unpaid tax liabilities for the tax years 1997, 1998, 2000, 2002–2005, and 2008.

Plaintiffs also note in their amended complaint that they were "adversely affected by the governmental propaganda campaign forcing everyone to consider all 'income' 'taxable income' and the coercion to, in the guise of paying a tax, get everyone to actually offer a 'gift' or 'bequest' (31 U.S.C. § 321(d)), to the IRS every year as a 'contribution' styled an 'income tax payment.'" Plaintiffs further state that all of their "'federal income tax payments' and the bogus 'Notice(s) of Federal Tax Lien(s)' were based on **constructive fraud** bordering **on extortion, theft** or **robbery** primarily perpetrated and perpetuated by the IRS . . . ."

Under the heading "Statement of the Claim" in the amended complaint, plaintiffs state they are

> morally and spiritually offended that IRS did **trespass upon and** deprive the right to Freedom of contract secured by U.S. Const., art. 1, § 10 (See also 18 U.S.C., § § 241, 242), for the sole purpose of passing **counterfeit securities** 18 U.S.C., § 472 with intent to **deprive** Plaintiffs of the **tangible and intangible rights to property and equity using mail and wire** transfers in violation of 18 U.S.C., § § 1341, 1343.

Plaintiffs further claim that the "United States Court Tax Judgment, Docket Number 26121-17, is predicated directly on conclusive evidence obtained from the IRS that does prove IRS does lack authority for utterance of liens into county records." Plaintiffs also allege that the IRS violated several provisions under the federal criminal code, Title 18 of the United States Code. Under the heading "Money-Mandating Provisions" in the amended complaint, plaintiffs state that Article I, Section 10 of the United States Constitution prohibits government from "infringing on the obligations of contracts." Plaintiffs try to support this statement by citing 42 U.S.C. § 1981 titled "Equal rights under the law," and enacted by the Civil Rights Act of 1991.

On July 12, 2019, the defendant moved to dismiss plaintiffs' amended complaint for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1) (2019). Defendant

4

asserts this court lacks jurisdiction over plaintiffs' requested redress of the IRS's enforcement of "unlawful liens for federal income tax debt," violation of plaintiffs' due process, issuance of fictitious or fraudulent securities, constructive fraud, mail and wire fraud, violations of the Civil Rights Act, and tortious interference with contract. Defendant notes in its motion to dismiss, that IRS records reflect that the Gilliards have not filed administrative claims for refund for tax years "1997, [1]998, 2000, 2002 through 2005, or 2008." Defendant asserts public records also reflect that the plaintiffs' federal tax liens for these years were removed, with the exception of for the 2008 tax year, and that plaintiffs' tax liabilities have been cleared to zero for tax years prior to 2006. Defendant states the reduction in plaintiffs' tax liabilities are due to the expiration of the IRS's collections statute and transfers of overpayments from other tax years. Defendant notes plaintiffs have a remaining unpaid tax liability for tax year 2008, but plaintiffs have been placed in hardship status and their tax account has been deemed not collectible since 2011.

Regarding plaintiffs' claims for damages, defendant argues that plaintiffs' theories of recovery based on tort law, criminal statutes, and the Civil Rights Act, each lie outside this court's jurisdiction. Defendant also argues that to the extent plaintiffs seek damages resulting from an unauthorized collection action, or the failure to release a lien, jurisdiction over such claims is reserved exclusively to federal District Courts. Regarding plaintiffs' claims based on the United States Constitution, defendant argues the Constitution's Contract Clause "applies only to actions by individual States." Regarding plaintiffs' claims concerning the foreclosure order against "certain Florida property," defendant argues that to the extent plaintiffs are challenging a state court decision of the Circuit Court of the Tenth Judicial Circuit in Hardee County, Florida, this court lacks jurisdiction to hear plaintiffs' claim. Defendant also notes, that such an argument is a "collateral attack" on the validity of a state court's decision, over which this court lacks jurisdiction for review.

Although plaintiffs' response to the defendant's motion to dismiss was originally due on August 12, 2019, on September 3, 2019, the court issued an Order noting that, as of September 3, 2019, plaintiffs had not responded to defendant's motion to dismiss. The court ordered plaintiffs to respond to the motion to dismiss on or before September 13, 2019. On September 13, 2019, plaintiffs filed a combined response to defendant's motion to dismiss. In the response, plaintiffs "deny that they are Agents, Employees, Officers, Officials, Servants or Volunteers of or for the United States ('government personnel') and demand to be shown any and all evidence that IRS has proving that Plaintiffs are government personnel." In their response, plaintiffs further note they "are not contesting the lawful authority or power of the United States INTERNAL REVENUE SERVICE ('IRS')." Plaintiffs contend, however, that they are "swearing under penalty of perjury the fact that there is a certain abuse of office occurring upon Plaintiffs by government personnel of the IRS and the United States Department of Justice ('DOJ')." In particular, plaintiffs maintain that:

> Certain IRS personnel did create and enforce unlawful liens by falsely claiming federal income tax debt against Plaintiffs for many years without any actual lawful authority for no assessment has ever been computed, signed by any IRS assessment officer, filed with the IRS and properly and timely served on Plaintiffs for discharge or dispute.

5

In the response to defendant's motion to dismiss, under the heading "Jurisdiction," plaintiffs note that they "approach this Honorable Court **in good faith, with clean hands, in truth, the whole truth, and with nothing but the truth** and **without any intent to deceive or mislead.**" In the response to defendant's motion to dismiss, plaintiffs further state:

> This Honorable Court always has jurisdiction to correct injuries, harms, endangerments and damage to any property caused by the United States and any and all creations thereof including, but not limited to, any and all corporations and other *ens legis* entities, instrumentalities and subsidiaries and their agents, employees, officers and officials (collectively "contractors") that have or are committing **ultra vires acts** or exercising authority or power beyond or outside Defendant's and the Court's lawfully defined and delegated jurisdictions.

On September 30, 2019, defendant filed a reply in further support of its motion to dismiss. Defendant reiterated its position that "[a]ll of these claims are founded, once again, on an assertion that the order dismissing their case in Tax Court for lack of jurisdiction constitutes proof that the defendant knowingly and unlawfully seized their property by collecting income taxes."

## DISCUSSION

The court recognizes that plaintiffs are proceeding pro se. When determining whether a complaint filed by pro se plaintiffs is sufficient to invoke review by a court, pro se plaintiffs are entitled to a more liberal construction of the pro se plaintiffs' pleadings. See Haines v. Kerner, 404 U.S. 519, 520-21 (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), reh'g denied, 405 U.S. 948 (1972); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9-10 (1980); Estelle v. Gamble, 429 U.S. 97, 106 (1976), reh'g denied, 429 U.S. 1066 (1977); Matthews v. United States, 750 F.3d 1320, 1322 (Fed. Cir. 2014); Diamond v. United States, 115 Fed. Cl. 516, 524 (2014), aff'd, 603 F. App'x 947 (Fed. Cir.), cert. denied, 135 S. Ct. 1909 (2015). However, "there is no 'duty [on the part] of the trial court . . . to create a claim which [plaintiff] has not spelled out in his [or her] pleading . . . .'" Lengen v. United States, 100 Fed. Cl. 317, 328 (2011) (alterations in original) (quoting Scogin v. United States, 33 Fed. Cl. 285, 293 (1995) (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975))); see also Bussie v. United States, 96 Fed. Cl. 89, 94, aff'd, 443 F. App'x 542 (Fed. Cir. 2011); Minehan v. United States, 75 Fed. Cl. 249, 253 (2007). "While a pro se plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, the pro se plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." Riles v. United States, 93 Fed. Cl. 163, 165 (2010) (citing Hughes v. Rowe, 449 U.S. at 9; and Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2002)); see also Golden v. United States, 129 Fed. Cl. 630, 637 (2016); Shelkofsky v. United States, 119 Fed. Cl. 133, 139 (2014) ("[W]hile the court may excuse ambiguities in a pro se plaintiff's complaint, the court 'does not excuse [a complaint's] failures.'" (quoting Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995))); Harris v. United States, 113 Fed. Cl. 290, 292 (2013) ("Although

plaintiff's pleadings are held to a less stringent standard, such leniency 'with respect to mere formalities does not relieve the burden to meet jurisdictional requirements.'" (quoting Minehan v. United States, 75 Fed. Cl. at 253)).

"Subject-matter jurisdiction may be challenged at any time by the parties or by the court sua sponte." Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (citing Fanning, Phillips & Molnar v. West, 160 F.3d 717, 720 (Fed. Cir. 1998)), reh'g and reh'g en banc denied (Fed. Cir. 2004), cert. denied, 545 U.S. 1127 (2005); see also Int'l Elec. Tech. Corp. v. Hughes Aircraft Co., 476 F.3d 1329, 1330 (Fed. Cir. 2007). The Tucker Act, 28 U.S.C. § 1491 (2012), grants jurisdiction to this court as follows:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (emphasis added).

When deciding a case based on a lack of subject matter jurisdiction or for failure to state a claim, this court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. See Erickson v. Pardus, 551 U.S. 87, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)))); see also Frankel v. United States, 842 F.3d 1246, 1249 (Fed. Cir. 2016) ("In deciding a motion to dismiss, a court is required to accept as true all factual allegations pleaded." (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009))); Fid. & Guar. Ins. Underwriters, Inc. v. United States, 805 F.3d 1082, 1084 (Fed. Cir. 2015); Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

"Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir.) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1 (1983)), reh'g denied (Fed. Cir. 1997); see also Klamath Tribe Claims Comm. v. United States, 97 Fed. Cl. 203, 208 (2011); Gonzalez-McCaulley Inv. Grp., Inc. v. United States, 93 Fed. Cl. 710, 713 (2010). A plaintiff need only state in the complaint "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(1), (2) (2019); Fed. R. Civ. P. 8(a)(1), (2) (2019); see also Ashcroft v. Iqbal, 556 U.S. at 677-78 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 555-57, 570). To properly state a claim for relief, "[c]onclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." Bradley v. Chiron Corp., 136 F.3d 1317, 1322 (Fed. Cir. 1998); see also McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1363 n.9 (Fed. Cir. 2007) (Dyk, J., concurring in part, dissenting in part) (quoting C. WRIGHT AND A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1286 (3d ed. 2004)); Briscoe v. LaHue, 663 F.2d 713, 723 (7th Cir. 1981) ("[C]onclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss."), aff'd, 460 U.S. 325 (1983). "A plaintiff's factual allegations must 'raise a right to relief above the

speculative level' and cross 'the line from conceivable to plausible.'" Three S Consulting v. United States, 104 Fed. Cl. 510, 523 (2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555), aff'd, 562 F. App'x 964 (Fed. Cir.), reh'g denied (Fed. Cir. 2014). As stated in Ashcroft v. Iqbal, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' 550 U.S. at 555. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555).

Regarding the Tax Court's dismissal of the action filed by the plaintiffs in that court, discussed above, defendant, in its motion to dismiss, argues:

> Given the lack of foundation for plaintiffs' arguments, and their attempt to avoid the bounds of tax law by misapplication of jurisdictional requirements, defendant respectfully submits that plaintiffs here should be treated as advancing a frivolous position.

Plaintiffs' assertions in the amended complaint include a claim that defendant violated "Plaintiffs' due process by acting outside of Defendant's jurisdiction as Defendant has admitted." To try to support this claim, plaintiffs reference the Tax Court dismissal, stating, "Defendant moved against Plaintiffs without jurisdiction." Plaintiffs apparently misconstrue the Tax Court's dismissal of their petition for lack of jurisdiction as "Defendant mov[ing] against Plaintiffs without jurisdiction." Plaintiffs note in the amended complaint that their claim also is "not a tax matter" but "an over reach of Defendants jurisdictional authority."

In the amended complaint, plaintiffs incorrectly refer to the United States Tax Court's order as the "Commissioner's Motion to Dismiss for Lack of Jurisdiction" and plaintiffs contend the "Internal Revenue Service Commissioner stated the Defendant did not have Jurisdiction because they violated their own policies and procedures and the United States Tax Court agreed."

As discussed above, in Docket No. 26121-17, on March 20, 2018, the Tax Court granted the government's motion to dismiss plaintiffs' case for lack of jurisdiction, and dismissed plaintiffs' case in its entirety. The United States Tax Court Order stated:

> On February 27, 2018, respondent [Commissioner of Internal Revenue] filed a Motion To Dismiss for Lack of Jurisdiction on the ground no notice of deficiency or notice of determination under I.R.C. section 6320 or 6330 was issued to petitioners for taxable year 1965 through 2017 that would permit petitioners to invoke the Court's Jurisdiction. On March 20, 2018, petitioner William Larry Gilliard filed a Notice of No Objection in which petitioners indicate that they have no objection to the granting of respondent's motion to dismiss.
>
> Upon due consideration, it is
>
> ORDERED that respondent's Motion To Dismiss for Lack of Jurisdiction, filed February 27, 2018, is granted and this case is dismissed for lack of jurisdiction.

8

(capitalization in original).

Regarding plaintiffs' allegations that the defendant violated plaintiffs' due process rights, this court lacks jurisdiction to adjudicate such due process allegations. The United States Court of Appeals for the Federal Circuit has held that this court does not possess jurisdiction to consider claims arising under the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution. See Crocker v. United States, 125 F.3d 1475, 1476 (Fed. Cir. 1997) (concluding that the United States Court of Federal Claims has no jurisdiction over a due process violation under the Fifth and Fourteenth Amendments (citing Leblanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995))); see also Smith v. United States, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("The law is well settled that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act." (citing Leblanc v. United States, 50 F.3d at 1028)); In re United States, 463 F.3d 1328, 1335 n.5 (Fed. Cir.) ("[B]ecause the Due Process is not money-mandating, it may not provide the basis for jurisdiction under the Tucker Act."), reh'g and reh'g en banc denied (Fed. Cir. 2006), cert. denied sub nom. Scholl v. United States, 552 U.S. 940 (2007); Acadia Tech., Inc. & Global Win Tech., Ltd. v. United States, 458 F.3d 1327, 1334 (Fed. Cir. 2006); Collins v. United States, 67 F.3d 284, 288 (Fed. Cir.) ("[T]he due process clause does not obligate the government to pay money damages."), reh'g denied (Fed. Cir. 1995); Mullenberg v. United States, 857 F.2d 770, 773 (Fed. Cir. 1988) (finding that the Due Process clauses "do not trigger Tucker Act jurisdiction in the courts"); Murray v. United States, 817 F.2d 1580, 1583 (Fed. Cir. 1987) (noting that the Fifth Amendment Due Process clause does not include language mandating the payment of money damages); Vondrake v. United States, 141 Fed. Cl. 599, 602 (2019) (citing Smith v. United States, 709 F.3d at 1116); Weir v. United States, 141 Fed. Cl. 169, 177 (2018); Maehr v. United States, 139 Fed. Cl. 1, 3-4 (2018) (stating that Smith v. United States, 709 F.3d at 1114, "remains controlling law today"), aff'd, 767 F. App'x 914 (Fed. Cir. 2019), cert. denied, 2019 WL 4923068 (U.S. Oct. 7, 2019); Zainulabeddin v. United States, 138 Fed. Cl. 492, 505 (2018) (citing LeBlanc v. United States, 50 F.3d at 1028); Harper v. United States, 104 Fed. Cl. 287, 291 n.5 (2012); Hampel v. United States, 97 Fed. Cl. at 238, aff'd, 429 F. App'x 995 (Fed. Cir. 2011), cert. denied, 565 U.S. 1153 (2012). Due process claims "must be heard in District Court." Kam-Almaz v. United States, 96 Fed. Cl. 84, 89 (2011) (citing Acadia Tech., Inc. & Global Win Tech., Ltd. v. United States, 458 F.3d at 1334), aff'd, 682 F.3d 1364 (Fed. Cir. 2012).

In the amended complaint, plaintiffs also state that this court has jurisdiction on the grounds that "Defendant moved against Plaintiffs without jurisdiction; therefore this is not a tort claim but is a jurisdictional claim." Plaintiffs allege in their amended complaint, however, that "Agents, employees, officers or officials actually working for, or claiming to work for, Defendant did injury Plaintiffs in the sum certain amount of $29,670,081.86 by issuing bogus, fictitious obligations or **counterfeit securities** for many years without any lawful authority or power (jurisdiction) to do so," are allegations that sound in tort. The Tucker Act specifically excludes tort claims from the jurisdiction of the United States Court of Federal claims. See 28 U.S.C. § 1491(a) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an

9

executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages <u>in cases not sounding in tort</u>.") (emphasis added); see also Keene Corp. v. United States, 508 U.S. 200, 214 (1993); Rick's Mushroom Serv. Inc., v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008); Alves v. United States, 133 F.3d 1454, 1459 (Fed. Cir. 1998); Brown v. United States, 105 F.3d 621, 623 (Fed. Cir.) ("Because Brown and Darnell's complaints for 'fraudulent assessment[s]' are grounded upon fraud, which is a tort, the court lacks jurisdiction over those claims."), reh'g denied (Fed. Cir. 1997); Golden Pac. Bancorp. v. United States, 15 F.3d 1066, 1070 n.8 (Fed. Cir.), reh'g denied, en banc suggestion declined (Fed. Cir.), cert. denied, 513 U.S. 961 (1994); Hampel v. United States, 97 Fed. Cl. 235, 238, aff'd, 429 F. App'x 995 (Fed. Cir. 2011), cert. denied, 565 U.S. 1153 (2012); Kant v. United States, 123 Fed. Cl. 614, 616 (2015) ("[Plaintiff's] claims for 'conversion' and 'fraud' sound in tort . . . ."); Cox v. United States, 105 Fed. Cl. 213, 218 (2012) ("[P]laintiffs contend that the United States has engaged in tortious conduct, including harassment and persecution, malfeasance, fraud, abuse, and deception . . . . The Court of Federal Claims does not possess jurisdiction to entertain claims sounding in tort."); Jumah v. United States, 90 Fed. Cl. 603, 607 (2009) ("[I]t is well-established that the Court of Federal Claims does not have jurisdiction over tort claims."), aff'd, 385 F. App'x 987 (Fed. Cir. 2010); Woodson v. United States, 89 Fed. Cl. 640, 650 (2009); Fullard v. United States, 77 Fed. Cl. 226, 230 (2007) ("This court lacks jurisdiction over plaintiffs conspiracy claim because the Tucker Act specifically states that the Court of Federal Claims does not have jurisdiction over claims 'sounding in tort.'"); Edelmann v. United States, 76 Fed. Cl. 376, 379-80 (2007) ("This Court 'does not have jurisdiction over claims that defendant engaged in negligent, fraudulent, or other wrongful conduct when discharging its official duties'") (quoting Cottrell v. United States, 42 Fed. Cl. 144, 149 (1998)); McCullough v. United States, 76 Fed. Cl. 1, 3 (2006), appeal dismissed, 236 F. App'x 615 (Fed. Cir.), reh'g denied (Fed. Cir.), cert. denied, 552 U.S. 1050 (2007); Agee v. United States, 72 Fed. Cl. 284, 290 (2006); Zhengxing v. United States, 71 Fed. Cl. 732, 739, aff'd, 204 F. App'x 885 (Fed. Cir.), reh'g denied (Fed. Cir. 2006). To the extent that any of the allegations in plaintiffs' complaint sound in tort, as discussed above, this court does not have jurisdiction to adjudicate those claims.

Regarding plaintiffs' allegations of criminal misconduct, the jurisdiction of the United States Court of Federal Claims does not include jurisdiction over criminal causes of action. See Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994); see also Cooper v. United States, 104 Fed. Cl. 306, 312 (2012) ("[T]his court does not have jurisdiction over [plaintiff's] claims because the court may review neither criminal matters, nor the decisions of district courts." (internal citation omitted)); Mendes v. United States, 88 Fed. Cl. 759, 762, appeal dismissed, 375 F. App'x 4 (Fed. Cir. 2009); Hufford v. United States, 87 Fed. Cl. 696, 702 (2009) (holding that the United States Court of Federal Claims lacked jurisdiction over claims arising from the violation of a criminal statute); Fullard v. United States, 78 Fed. Cl. 294, 301 (2007) ("[P]laintiff alleges criminal fraud, a subject matter over which this court lacks jurisdiction." (citing 28 U.S.C. § 1491; Joshua v. United States, 17 F.3d at 379)); McCullough v. United States, 76 Fed. Cl. 1, 4 (2006) (finding that the United States Court of Federal Claims lacked jurisdiction to consider plaintiff's criminal claims), appeal dismissed, 236 F. App'x 615, reh'g denied, (Fed. Cir.), cert. denied, 552 U.S. 1050 (2007); Matthews v. United States, 72 Fed. Cl. 274, 282 (finding that the court lacked jurisdiction to consider plaintiff's criminal claims), recons.

denied, 73 Fed. Cl. 524 (2006). Therefore, any claim asserted by plaintiffs asserting a claim based on criminal activity or implicating a criminal statute, also must be dismissed.

Citing no particular statute or contractual document, plaintiffs randomly allege the existence of a contract on the basis that

> [a]gents of the IRS, attorneys for the United States Department of Justice and officers of these United States Courts did swear a certain Oath to uphold and defend the Constitution for the United States of America (1789), and pursuant with such, the Constitution and the laws in support thereof are **Law of the Land** which does constitute certain **first bona fide** *quid pro quo* contracts sealed under Oath binding with WILLIAM LARRY GILLIARD and SAMANTHA JEWEL GILLIARD being third party beneficiaries.

Plaintiffs, however, have not offered any evidence indicating that they entered into a valid contract with the United States. The swearing of an oath to uphold the Constitution is not the type of contract for goods or services contemplated under the Tucker Act. See 28 U.S.C. § 1491. In order to properly allege a contract, the complaint must allege the elements of a contract. "[A]ny agreement can be a contract within the meaning of the Tucker Act, provided that it meets the requirements for a contract with the Government, specifically: mutual intent to contract including an offer and acceptance, consideration, and a Government representative who had actual authority to bind the Government." Trauma Serv. Grp. v. United States, 104 F.3d 1321, 1326 (Fed. Cir. 1997); see also Russell Corp. v. United States, 537 F.2d 474, 482, 210 Ct. Cl. 596, 608 (1976) ("For there to be an express contract, the parties must have intended to be bound and must have expressed their intention in a manner capable of understanding. A definite offer and an unconditional acceptance must be established."). In the above-captioned cases, plaintiffs' amended complaint has not alleged any of the basic elements of a contract, including: offer; acceptance; consideration; or that a government representative with actual authority signed a contract with plaintiffs. See Trauma Serv. Grp. v. United States, 104 F.3d at 1326. Nor have plaintiffs even alleged when the contract might have been executed, or what were the terms of the alleged contract. The court, therefore, cannot consider the plaintiffs' unsubstantiated contract allegation, and any such claim must be dismissed.

Additionally, in plaintiffs' amended complaint, plaintiffs cite to "42 U.S.C., § 1983" as a basis for jurisdiction in this court. In its motion to dismiss, defendant properly argues that this court does not have jurisdiction to review claims pursuant to the Civil Rights Act, 42 U.S.C. § 1981 et seq. and cites to Del Rio v. United States, 87 Fed. Cl. 536, 540 (2009); Schweitzer v. United States, 82 Fed. Cl. 592, 595-96 (2008); and Osborn v. United States, 47 Fed. Cl. 224, 232 (2000) for support. The statute at 28 U.S.C § 1343(a)(4) (2012) states: "The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person . . . [t]o recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote." Id. To the extent plaintiffs are trying to allege a general violation of their civil rights under 42 U.S.C. § 1983, the United States Court of Federal Claims lacks jurisdiction to hear claims alleging a deprivation of civil rights under color of law. See Elkins v. United States, 229 Ct. Cl. 607, 608 (1981) ("[W]e do not have jurisdiction over claims based upon alleged violations of the civil rights laws." (citation

omitted)); see also Weir v. United States, 141 Fed. Cl. 169, 177-78 (2018); Johnson v. United States, 135 Fed. Cl. 565, 575 (2017) ("Section 1343 of Title 28 provides the federal District Courts original jurisdiction over any relief requested under an 'Act of Congress providing for the protection of civil rights.'" (citations omitted)); Vincent v. United States, 135 Fed. Cl. 561, 563 (2017) ("[A]ctions for civil rights violations brought under 42 U.S.C. § 1983 (2012) cannot be heard by this court." (citing Marlin v. United States, 63 Fed. Cl. 475, 476 (2005), appeal dismissed, 146 F. App'x 491 (Fed. Cir. 2005))), aff'd, 733 F. App'x 529 (Fed. Cir. 2018); Wagstaff v. United States, 105 Fed. Cl. 99, 109 (2012); May v. United States, 104 Fed. Cl. 278, 284 (2012), aff'd, 534 F. App'x 930 (Fed. Cir. 2013). Furthermore, in Blassingame v. United States, a judge of this court determined that jurisdiction is lacking over claims brought pursuant to civil rights laws, including 42 U.S.C. § 1983, as jurisdiction for such claims remains exclusively with the United States District Courts. The Blassingame court stated:

> Section 1983 is not a jurisdiction-granting statute. District courts are given jurisdiction to hear claims for damages for violation of that provision by virtue of 28 U.S.C. § 1343(a)(4) (1988). Such an action cannot be sustained here, however, because this court has not been given an equivalent jurisdiction. See Sanders v. United States, 32 Fed. Cl. 573, 576 (1995); Anderson v. United States, 22 Cl. Ct. 178, 179 n.2 (1990), aff'd, 937 F.2d 623 (Fed. Cir. 1991).

Blassingame v. United States, 33 Fed. Cl. 504, 505, aff'd, 73 F.3d 379 (Fed. Cir. 1995), reh'g denied (Fed. Cir.), cert. denied, 517 U.S. 1237 (1996). Accordingly, this court dismisses plaintiffs' claims which allege violations under 42 U.S.C. § 1983 for lack of jurisdiction.

## CONCLUSION

For all the reasons described above, the court **GRANTS** defendant's motion to dismiss both Case No. 19-239T and Case No. 19-290T. Consistent with this Opinion, the Clerk of Court shall enter **JUDGMENT** dismissing both cases.

**IT IS SO ORDERED.**

MARIAN BLANK HORN
**Judge**